# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CARDINAL BANK, N.A. | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-15-2951 |
| | * | |
| THOMAS RUSNACK | * | |

\*\*\*\*\*\*

## MEMORANDUM

This is an appeal from an order entered by the Bankruptcy Court sustaining an objection to a claim filed by Cardinal Bank, N.A. The issues have been fully briefed. The order entered by the Bankruptcy Court will be reversed.

I.

The parties' dispute centers upon Cardinal Bank's honoring of two checks, in the amount of $10,000 each, issued to the Debtor's, former wife, Analisa Rusnack, under a "Cardinal Equity Line Consumer Open/End Agreement" ("HELOC"). Unquestionably, the honoring of these checks was in error. During 2006 Debtor and Ms. Rusnack became embroiled in divorce proceedings, and Debtor instructed Cardinal Bank to "freeze" the HELOC. On June 22, 2006, Cardinal Bank wrote to the Debtor Mrs. Rusnack stating "[t]his letter serves as a notification that, per your request, we have placed a freeze on the above loan that will stop all future withdrawals from this account. If you need us to honor an item or release the freeze, both of your signatures will be required." Moreover, a senior vice president for Cardinal Bank, sent a letter to Ms. Rusnack on October 2, 2006 stating that the withdrawals from the HELOC had been unauthorized and that she should repay Cardinal Bank for the withdrawals. Finally, during the

1

bankruptcy proceedings, a senior credit officer for Cardinal Bank, admitted that the Bank's honoring of the two $10,000 checks was "an error on the part of the bank, in fact."

Despite these facts, Cardinal Bank's position is meritorious.

First, the Bankruptcy Court's finding that the single signature of Ms. Rusnack on the checks was "unauthorized" was based upon a provision of the Virginia Code which was amended in 2003.

Second, the Bankruptcy Court's finding that the Debtor did not receive any benefit from the $20,000 in HELOC advances was clearly erroneous. Ms. Rusnack testified at the bankruptcy proceeding that even after she left the marital residence, she continued to handle the marital finances and that she used proceeds from the two checks "to use to settle debts, payments, and bills that we had accumulated jointly as a married couple." Although she later testified that she "assumed" that the two checks went to joint debts, her assumption was based upon the facts that a significant period of time had elapsed between the cashing of the checks and the bankruptcy proceeding and that she did not have records to substantiate what she was saying. Likewise, although the Bankruptcy Court found that the Debtor's testimony was "specific and credible" that he had not received any benefit from the checks, his testimony was not "specific" at all. All that he testified to was that he was not aware that the proceeds from the checks had been used to pay a joint debt of both himself and his former wife. Moreover, after the two withdrawals in question, the Debtor and Ms. Rusnack jointly withdrew an additional $6,000 from the HELOC. The Debtor continued to pay interest on all of the withdrawals from the HELOC up until the time that he filed his bankruptcy proceedings. Finally, he made no claim against Ms. Rusnack for misuse of the $20,000 during the divorce proceedings.

Third, Debtor's claim that the $20,000 in withdrawals was unauthorized is time-barred. The withdrawals occurred in July and September 2006. The statute of limitations for breach of contract claims in Virginia is five years. Therefore, the Debtor had until September 7, 2011, to file suit against Cardinal Bank for breach of contract (in connection with the second withdrawal). He did not file an objection to Cardinal Bank's Proof of Claim until December 29, 2014.[1]

Fourth, the limitations bar cannot be avoided by a holding that the Debtor's claim for the $20,000 in withdrawals was in the nature of "recoupment" for the claim filed by Cardinal Bank for the amount due under the HELOC. For the doctrine of recoupment to apply, "both the creditor's claim and the amount owed to the debtor must arise from a single contract or transaction." *Kosadnar v. Metro. Life Ins. Co.*, ("matter of Kosadnar), 157 F.3d 1011 (5th Cir. 1998). Whether the issue of whether a "single contract or transaction" is viewed from the "logical relationship" test applied by the Ninth Circuit, *see Sims v. U.S. Dep't of Health and Human Services (In re TLC Hosp., Inc.)*, 224 F.3d 1008 (9th Cir. 2000) or the narrower test applied by the Second and Third Circuits, *see Malinowski v. N.Y. State Dep't of Labor (In re Malinowski)*, 156 F.3d 131 (2nd Cir. 1998); *Univ. Medical Center v. Sullivan (In re University Medical Center)*, 973 F.2d 1065, 1081 (3rd Cir. 1992), it is clear that more than a single contract or transaction was involved here. The original HELOC agreement provided that credit could be given on the basis of a single signature from Mr. Rusnack or Ms. Rusnack. The "freeze" direction given by Mr. Rusnack to Cardinal Bank constituted a second transaction. Therefore, the doctrine of recoupment does not apply.

---

[1] I do not reach the question of whether the provision entitled "Your Billing Rights" in the HELOC imposed a 60 day limitations period for disputing an amount paid under the Agreement."

3

A separate order effecting the ruling made in this memorandum is being entered herewith.

Date: 4/29/16

J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2016 APR 29 PM 12:43
CLERK'S OFFICE
AT BALTIMORE
BY ___ DEPUTY